```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

JIMMIE LEE WALLACE,              :
                                 :
        Plaintiff                :    No. 1:15-CV-02144
                                 :
   vs.                           :    (Judge Kane)
                                 :
DAUPHIN COUNTY DISTRICT          :
ATTORNEY'S OFFICE, et al.,       :
                                 :
                                 :
        Defendants               :
```

**MEMORANDUM**

**Background**

On November 10, 2015, Plaintiff Jimmie Lee Wallace, an inmate at the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset") filed a complaint under 42 U.S.C. § 1983 against (1) the Dauphin County District Attorney's Office; (2) Jennifer Wisniewski Gettle, a prosecutor with the District Attorney's Office; (3) Dauphin County Courthouse; and (4) President Judge Todd A. Hoover, Court of Common Pleas of Dauphin County. (Doc. No. 1.) Along with his complaint, Wallace submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. No. 2.) On November 19, 2015, Wallace submitted an authorization to have funds deducted from his prison trust fund account to pay the filing fee in installments. (Doc. No. 6.) On December 12, 2015, Wallace filed a document entitled "Motion for Summary Judgment." (Doc. No. 7.)

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on

prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[1] For the reasons outlined below, Wallace's motion to proceed in forma pauperis will be construed as a motion to proceed without full prepayment of the filing fee and granted, and the complaint will be dismissed.

**Discussion**

All of Wallace's allegations relate to his prosecution for aggravated assault and unlawfully possessing a firearm in Dauphin County. The Defendants are two entities which are not subject to suit under section 1983, i.e., the Dauphin County District Attorney's Office and the Dauphin County Courthouse, and two individuals who have absolute immunity from suit under section 1983. (Doc. Nos. 1, 7.)

A review of the complaint and the so-called motion for summary judgment reveal that Wallace was charged with aggravated assault in 2011 by the Harrisburg Police Department and tried before President Judge Hoover. The prosecutor in the case was Ms.

---

1. Section 1915(e)(2) provides:

   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

Gettle.  Wallace was also prosecuted in a separate case for being a felon in possession of a firearm under 18 P.C.S. § 6105(a)(1) and sentenced by Judge Deborah E. Curcillo of the Dauphin County Court of Common Pleas.  Although Judge Curcillo is not named in the complaint, Wallace claims that the judges of the Dauphin County Court of Common Pleas worked in concert to deny him his right to keep and bear arms under the Constitution. Id. at 4.

The "Facts" section of Wallace's complaint (section D) states:

> "Plaintiff was charged by Dauphin County Dist. Att. Office with F1 Aggravated Assault after Criminal Complaint described Plaintiff punched the victim in the face with a closed fist.  Dauphin County Dist. Att. Office alleged Plaintiff punched and beet the victim. This manufactured evidence was submitted by Com. Prosecutor Jennifer Gettle, to a jury in this Commonwealth.  President Judge Todd A. Hoover made a determination that the evidence was insufficient to sustain the charge, however, did override the law of this Commonwealth.  President Judge Todd A. Hoover clearly understood the fact that Plaintiff threw "just a punch," however, submitted the prejudicial allegations to the jury, while, beyond the hearing of the jury, repeatedly acknowledging the fact that "This was just a punch".

(Doc. No. 1, at 3.)  In the relief section of his complaint Wallace states:

> Persue criminal charges against Dauphin County, Dist. Att. Office, Dist. Att. Jennifer W. Gettle for manufacturing and soliciting false evidence in order to deny Plaintiff right to due process, compensate Plaintiff One Thousand dollars for each day confined; Hold President Judge Todd A. Hoover accountable for overriding the law of this Commonwealth, acting in concert with Dauphin County Dist. Att. Office to deny Plaintiff his due process right to a fair and

> impartial trial, Dauphin Cnty. Courthouse shall compensate Plaintiff One thousand dollars a day of Plaintiff's confinement.

Id. at 5-6.

A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court."). The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the dockets of the criminal cases filed against Wallace in the Court of Common Pleas of Dauphin County and the appeals which Wallace filed in the Superior Court and Supreme Court.

A review of the dockets of the Court of Common Pleas of Dauphin County, the Superior Court and Supreme Court using the Pennsylvania Unified Judicial System Web Portal reveals that Wallace was charged by Officer John C. O'Connor of the Harrisburg Police Department on March 14, 2011 with aggravated assault pursuant to 18 P.C.S. § 2702(a)(1). Commonwealth of Pennsylvania v. Jimmie L. Wallace, CP-22-CR-0001076-2011, https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-22-CR-0001076-2011 (Last accessed April 8, 2016). Wallace was found guilty of the charge by a jury on April 5, 2012, and on April 25, 2012, President Judge Hoover imposed a sentence of imprisonment of 10 to

20 years.  Wallace filed an appeal and on October 7, 2013, a decision of the Superior Court affirming the judgment of sentence was filed in the Court of Common Pleas and on February 20, 2014, the Supreme Court denied a petition for allowance of appeal.  Wallace then filed proceedings under Pennsylvania's Post-Conviction Relief Act. Id.  The Court of Common Pleas dismissed those proceedings on December 15, 2015, and Wallace filed an appeal to the Superior Court on December 23, 2015. Id.  As of April 8, 2016, the appeal is still pending before the Superior Court. Commonwalth of Pennsylvania v. Jimmie L. Wallace, 2274 MDA 2015, https://ujsportal.pacourts.us/DocketSheets/Appellate CourtReport.ashx?docketNumber=2274+MDA+2015 (Last accessed April 8, 2016).

   Wallace was charged by Officer O'Connor on March 2, 2011, with Possession of a Firearm Prohibited pursuant to 18 P.C.S. § 6105(a)(1). Commonwealth of Pennsylvania v. Jimmie L. Wallace, CP-22-CR-0001242-2011, https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-22-CR-0001242-2011 (Last accessed April 8, 2016).  Wallace was found guilty of the charge by a jury on May 9, 2012, and on May 30, 2012, Judge Curcillo imposed a sentence of imprisonment of 5 to 10 years to be served consecutive to the sentence imposed by President Judge Hoover for aggravated assault. Id.  Wallace filed an appeal the same day the sentence was imposed and on July 8, 2013, the Superior Court affirmed the judgment of sentence and on September

4, 2013, denied an application for reargument. Commonwealth of Pennsylvania v. Jimmie L. Wallace, 1037 MDA 2012 (consolidated with 968 MDA 2012), https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=1037+MDA+2012 (Last accessed April 8, 2016). On February 20, 2014, the Supreme Court denied a petition for allowance of appeal. Commonwealth of Pennsylvania v. Jimmie L. Wallace, 815 MAL 2013, https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=815+MAL+2013 (Last accessed April 8, 2016). Wallace then filed on December 4, 2014, proceedings under the Pennsylvania's Post-Conviction Relief Act. Commonwealth of Pennsylvania v. Jimmie L. Wallace, CP-22-CR-0001242-2011 (Last accessed April 8, 2016). The Court of Common Pleas dismissed those proceedings and Wallace filed an appeal to the Superior Court on December 23, 2015. Id. As of April 8, 2016, the appeal is still pending before the Superior Court.  The two appeals have been consolidated by the Superior Court.

     When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an unquestionably meritless legal theory, or is predicated on clearly baseless factual averments. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).  Unquestionably meritless legal theories are those "'in which either it is readily apparent that the plaintiff's complaint

lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit. . . .' " Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id. "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992). When reviewing a complaint for frivolity under § 1915, the court is not bound, as it is on a motion to dismiss, "to accept without question the truth of the plaintiff's allegations." Id. at 32.

It is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties. Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power). Consequently, any claims that Wallace may be attempting to raise against President Judge Hoover in this action would be based on actions taken by him in his exercise of official duties. Under those circumstances, President Judge Hoover would be entitled to absolute immunity from monetary damages.

Moreover, a state prosecuting attorney is absolutely immune from liability for damages under § 1983 for acts such as

the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). Therefore, because the allegations directed at Ms. Gettle relate to her conduct during the judicial phase of the prosecution, Wallace's claims against this defendant are legally frivolous.

To the extent that Wallace may be seeking release from confinement, it is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). Consequently, under Preiser, Wallace may not challenge the legality of his confinement via a § 1983 complaint.

The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sound in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir.1985). In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to Georgevich and Edwards, to the extent

Wallace presents claims for injunctive relief, those claims are not properly raised in a civil rights complaint.

Finally, Wallace cannot under Heck v. Humphrey, 512 U.S. 477 (1994), maintain a cause of action for damages for unlawful imprisonment or detention until the basis for that detention, whatever that may be, is rendered invalid. In Heck, the United States Supreme Court announced that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by acts whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus."

As for the claims against the Dauphin County Courthouse and the Dauphin County District Attorney's Office, those are entities which are not subject to suit under § 1983 and the claims against those entities are, consequently, frivolous. See Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Bolden v. Southeastern Pa. Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991); Reitz v. County of Bucks, 125 F.3d 139, 148 (3d Cir. 1997)("[T]he Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability[.]"); Estate of Tyler ex rel. Floyd v. Grossman, 108 F.Supp.3d 279 (E.D. Pa. 2015)(District Attorney's Office not entity subject to suit under § 1983); Allen v. District

Attorney's Office of Philadelphia, 644 F.Supp.2d 600, 611 (E.D.Pa. 2009)(same); Woodward v. Office of District Attorney, 689 F. Supp.2d 655, 658-659 (S.D.N.Y. 2010)(same); contra Sourovelis v. City of Philadelphia, 103 F.Supp.3d 694,709-710 (E.D.Pa. 2015)(District Attorney's Office subject to suit); Russo v. Bedford County Sheriff's Dept., 2015 WL 5020999, at *3 (E.D. Tenn. Aug. 21, 2015)(county courthouse not entity subject to suit under § 1983): Brock v. Sevier County Courthouse, 2007 WL 438735, at *1 (E.D.Tenn. Feb. 6, 2007)(same).[2]

     Under the circumstances, the court is confident that service of process is not only unwarranted but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990). Furthermore, because the named defendants are entities that are either not subject to suit under § 1983 or absolutely immune from suit, the court concludes it is futile to permit Wallace to file an amended complaint. See Fletcher-Harlee Corp. V. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007);

---

2. Even assuming that such entities could be viewed as municipal defendants under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) and, therefore, subject to suit, such defendants cannot be liable on the basis of respondeat superior and there are no allegations of a custom, practice or policy by those entities which was the impetus for how the individual defendants conducted themselves during the judicial proceedings. Moreover, the individual defendants have absolute immunity with respect to how they conducted themselves during the judicial proceedings and the non-individual defendants as such would have the benefit of that immunity.

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). There is nothing in the complaint or the so-called motion for summary judgment which suggests that Wallace could amend the complaint to allege facts which would abrogate the individual Defendants' absolute immunity.

      An appropriate order will be entered.